UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANTOS PETER MURILLO,<br><br>  Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | CASE NO. C20-0484JLR<br><br>(CR16-0113JLR)<br><br>ORDER DENYING PETITIONER'S MOTION TO RECUSE AND REFERRING THE MOTION TO THE CHIEF JUDGE |

## I.  INTRODUCTION

Before the court is *pro se* Petitioner Santos Peter Murillo's motion to recuse and disqualify the undersigned judge. (MTR (Dkt. # 5).)  The court has considered the motion and DENIES it for the reasons set forth below.  The court further DIRECTS the Clerk to refer the motion to Chief Judge Ricardo S. Martinez for further review.

## II.  BACKGROUND & ANALYSIS

On March 27, 2020, pursuant to 28 U.S.C. § 2255, Mr. Murillo filed a petition for habeas corpus or motion to vacate, set aside, or correct his sentence. (*See* Petition (Dkt.

ORDER - 1

# 1))); *see also United States v. Murillo*, No. CR16-0113JLR (W.D. Wash.). On March 31, 2020, Mr. Murillo filed a motion to recuse and disqualify the undersigned. (*See* MTR.) Mr. Murillo has also filed a motion for an extension of time to file a memorandum of law in support of his habeas petition. (*See* MTE (Dkt. # 6).) At present, the court considers only the motion to recuse.

Under the Local Civil Rules for the Western District of Washington, "[w]henever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily." Local Rules W.D. Wash. LCR 3(f). "If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." *Id.* "The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks and alterations omitted).

Mr. Murillo argues that the undersigned should recuse himself from hearing Mr. Murillo's habeas corpus petition because judicial bias is one of the grounds for relief articulated in the petition. (*See* MTR at 2.) Specifically, Mr. Murillo claims that he "alleges in his Section 2255 motion that Judge James Robart was biased against him due to certain prejudicial remarks that the judge made (before [Mr. Murillo's conviction]) related to [Mr. Murillo's] guilt." (*See id.*) Because the undersigned's alleged bias is one

//

of the grounds for relief raised in Mr. Murillo's habeas corpus petition, Mr. Murillo alleges that the undersigned "may not be a fair arbiter" of that petition. (*See id.*)

The court rejects Mr. Murillo's argument that the undersigned is biased. Mr. Murillo's sole support for his motion is alleged "prejudicial remarks" the undersigned made about Mr. Murillo's case in a hearing on revocation of supervised release in an unrelated case. (*See* MTR, Ex. A at 11:6-12:2.) Mr. Murillo takes the undersigned's comments from that hearing out of context. In the portion of the supervised release hearing dialogue with which Mr. Murillo takes issue, the court advised the defendant that he was "proud" of the defendant for turning himself in and taking care of his outstanding warrants because warrants can be a "trip wire" that can derail an offender's efforts to "get out of the criminal justice system." (*See id.* at 10:3-12:2.) As an example in support of that advice, the court recapped some of the evidence and allegations from Mr. Murillo's case regarding the circumstances that led to Mr. Murillo's arrest.[1] (*See id.* at 11:6-23.) Specifically, the court noted that law enforcement arrested Mr. Murillo after a car accident—even though Mr. Murillo did not cause the accident—because Mr. Murillo allegedly produced a false identification document to law enforcement in order to try to hide the fact that there was an outstanding warrant for his arrest. (*See id.*) As further context, the court also briefly noted that the evidence law enforcement found in his car suggested that Mr. Murillo may have been dealing drugs at the time the accident

//

---

[1] The court did not name Mr. Murillo during the hearing.

1   occurred.[2]  (*See id.* at 11:6-10.)  The point of the court's summation of these allegations

2   was merely to show the defendant that he was wise to resolve his outstanding warrants

3   before those warrants resulted in unexpected encounters with law enforcement.

4         Mr. Murillo makes no effort to explain how the court's brief summation of the

5   evidence and allegations against Mr. Murillo in an unrelated case constitutes "prejudicial

6   remarks" or evinces any kind of bias on the undersigned's behalf against Mr. Murillo.

7   The court offered these comments to help another criminal defendant understand the

8   importance of resolving outstanding warrants instead of attempting to evade law

9   enforcement.  The court's statements had no impact on Mr. Murillo or the fairness of his

10  trial.  Thus, the court concludes that Mr. Murillo has failed to state a basis for recusal of

11  the undersigned.  Specifically, Mr. Murillo does not establish that the undersigned judge

12  is presiding over a case in which (1) his "impartiality might reasonably be questioned,"

13  *McTiernan*, 695 F.3d at 891; *see also* 28 U.S.C. § 455(a); (2) he "has a personal bias or

14  prejudice concerning a party, or personal knowledge of disputed evidentiary facts

15  concerning the proceeding," *id.* § 455(b)(1); *see also id.* § 144; (3) he has served as a

16  lawyer in this controversy while in private practice, *id.* § 455(b)(2); or (4) he has a

17

---

18  [2] The court made these comments on the same day that the parties presented closing arguments in Mr. Murillo's jury trial. (*See* 10/18/16 Min. Entry (CR16-0113 Dkt. # 83).)  The
19  following day, the jury convicted Mr. Murillo of possession of methamphetamine with intent to distribute, possession of heroin with intent to distribute, and possession of a firearm in
20  furtherance of a drug trafficking crime. (*See* Jury Verdict (CR16-0113 Dkt. # 88) at 1-3.)  After the jury convicted Mr. Murillo on those counts, the parties agreed to a bench trial on the
21  remaining charge of felon in possession of a firearm. (*See* 10/19/16 Min. Entry (CR16-0113 Dkt. # 86).)  The parties stipulated that Mr. Murillo had previously been convicted of a felony
22  and that the firearms he was charged with possessing satisfied the interstate nexus requirement of 18 U.S.C. § 922(g).  (*See id.*)  The court found Mr. Murillo guilty of that charge.  (*See id.*)

ORDER - 4

financial interest, *id.* § 455(b)(3)-(4).  In addition, the court cannot independently conceive of a basis for recusal.  For these reasons, the court denies Mr. Murillo's recusal motion and directs the Clerk to refer this order and Mr. Murillo's motion to Chief Judge Martinez.

### III. CONCLUSION

For the reasons set forth above, the court DENIES Mr. Murillo's motion to recuse (Dkt. # 5) and DIRECTS the Clerk to refer this order and the motion to Chief Judge Martinez for further review.

Dated this 21st day of April, 2020.

JAMES L. ROBART
United States District Judge