UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANTOS PETER MURILLO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. C20-484 JLR<br><br>ORDER AFFIRMING ORDER DENYING PETITIONER'S MOTION TO RECUSE |

This matter is before the Court on Petitioner's Motion for Reassignment of Judge and Declaration of Bias in Support. Dkt. #5. Petitioner is pursuing a § 2255 motion to vacate, set aside, or correct the sentence imposed upon him in *United States v. Murillo*, Case No. 16-cr-113-JLR (W.D. Wash.). The Honorable United States District Judge James L. Robart presided over Petitioner's criminal case. Petitioner has requested that Judge Robart disqualify himself from presiding over Petitioner's § 2255 motion as it alleges, in part, that Judge Robart was biased. Dkt. #5. Judge Robart denied the request and, pursuant to the Court's Local Civil Rules, referred the matter to the Undersigned. Dkt. #8 at 5; LCR 3(f).

A "judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also* 28 U.S.C. § 144. This includes circumstances where they have "a personal bias or prejudice concerning a party,

ORDER – 1

or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Recusal is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

In this case, Petitioner complains that Judge Robart was biased against him on the basis of comments that Judge Robart made from the bench in an unrelated hearing at the time of Petitioner's trial.[1] Specifically, Petitioner points to an October 18, 2016 revocation hearing at which Judge Robart referenced Petitioner's ongoing trial, without naming Petitioner, and noted that it involved a guy who was "out probably dealing drugs." Dkt. #5 at 4.[2] Judge Robart's comments occurred in a morning hearing before Petitioner's trial resumed for closing arguments in the afternoon. *Murillo*, Case No. 16-cr-113-JLR, Dkt. #83 (W.D. Wash. Oct. 18, 2016). Petitioner does not object to any of Judge Robart's conduct while his trial was in session.

To warrant recusal, "[t]he alleged bias and prejudice . . . must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (citing *Berger v. United States*, 255 U.S. 22, 31 (1921)). This requirement is known as the "extrajudicial source" doctrine and attaches to both the use of "bias" and "prejudice" in § 144

---

[1] To the extent Petitioner complains of bias because Judge Robart is hearing a § 2255 motion related to a trial over which he presided, the objection is baseless. *Dukes v. United States*, 407 F.2d 863, 864 (9th Cir. 1969) (concluding there is nothing "wrong with the trial judge in a criminal case hearing a subsequent § 2255 proceeding"); *see also Battaglia v. United States*, 390 F.2d 256, 259 (9th Cir. 1968).

[2] Petitioner attaches a transcript of that hearing. Dkt. #5 Ex. A.

ORDER – 2

and § 455(b)(1).  *See Litekey v. United States*, 510 U.S. 540, 550 (1994).  The doctrine takes account of practicalities, because judges often properly, and necessarily, obtain knowledge and form opinions "in the course of the proceedings, and are indeed sometimes (as in a bench trial)" must to complete the judicial task.  *Id.* at 551.

> Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.  They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Id.* at 555 (emphasis in original).

Petitioner does not establish an appearance of bias.  First, Judge Robart, in his order denying recusal, explained and expounded on the context and intent of his comments from the bench.  *See* Dkt. #8 at 3–5.  Second, Judge Robart's knowledge and opinion were formed during Petitioner's case and trial.  Third, the comments were not linked directly to Petitioner and were not made in his own criminal trial.  Fourth, the comments did not relate to whether Petitioner should be punished for the alleged conduct and did not reveal any "high degree of favoritism or antagonism as to make fair judgment impossible."  Fifth, even taking Judge Robart's observation in the most challenging light, it was formed from information learned during Petitioner's case and did not reveal any indication that Petitioner was guilty, beyond a reasonable doubt, of the crimes for which he was accused.

Accordingly, for the reasons set forth above, the Court finds and ORDERS that Judge' Robart's Order (Dkt. #8) declining to disqualify himself is AFFIRMED.

DATED this 4th day of May, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3