UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANTOS PETER MURILLO,<br><br>　　　　　　　　Petitioner,<br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Respondent. | CASE NO. C20-0484JLR<br><br>ORDER ON MOTION FOR EXTENSION OF TIME AND MOTION TO APPOINT COUNSEL |

Before the court is Petitioner Santos Peter Murillo's motion for extension of time (MFE (Dkt. # 6)) and motion to appoint counsel (MTA (Dkt. # 9)). The court has considered the motions, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Murillo's motions.

On March 27, 2020, pursuant to 28 U.S.C. § 2255, Mr. Murillo filed a petition for habeas corpus or motion to vacate, set aside, or correct his sentence. (*See* Pet. (Dkt. # 1)); *see also United States v. Murillo*, No. CR16-0113JLR (W.D. Wash.). Mr. Murillo's habeas petition is 36 pages long and includes extrinsic evidence and lengthy

ORDER - 1

arguments in support of Mr. Murillo's alleged grounds for relief.  (*See generally id.*)  On April 6, 2020, Mr. Murillo filed a motion seeking a 90-day extension of time in which to file a "memorandum of law in support of his recently submitted Section 2255 motion." (*See* MFE at 1.)  On April 16, 2020, Mr. Murillo filed a motion for the court to appoint counsel to assist Mr. Murillo with the memorandum that Mr. Murillo seeks to submit in support of his habeas petition.  (*See* MTA at 1-2.)

      Mr. Murillo is not entitled to a 90-day extension to file a memorandum in support of his habeas petition under the Rules Governing Section 2255 Proceedings for the United States District Courts.  According to the Rules Governing Section 2255 Proceedings for the United States District Courts, Mr. Murillo was required to include all grounds for relief available to him in his motion for habeas relief.  *See* Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The motion must . . . (1) specify all the grounds for relief available to the moving party[.]").)  The rules governing Section 2255 proceedings do not include a procedure through which Mr. Murillo may supplement his habeas motion with a "memorandum of law," and Mr. Murillo does not identify any authority that would entitle him to file such a memorandum.

      Moreover, even if there was a procedural vehicle through which Mr. Murillo could file a separate memorandum of law, the court finds that he has failed to articulate sufficient grounds to justify his delayed filing.  Mr. Murillo claims that he needs an extension because (1) Mr. Murillo has "just recently" received evidence related to his *Brady* challenge, and (2) the COVID-19 pandemic has limited his access to the law

1 library.  (*See* MFE at 2-3.)  Mr. Murillo's motion does not provide any specificity as to

2 what new evidence he received or when he received that new evidence.  (*See* MFE at 2-

3 3.)  Nor does Mr. Murillo explain why he was unable to adequately prepare his § 2255

4 motion prior to the outbreak of the COVID-19 pandemic in March 2020.  (*See id.*)  As

5 such, Mr. Murillo's request for an extension of time is DENIED.

6      Mr. Murillo also asks the court to appoint counsel to represent him in this

7 matter.  (*See* MTA at 1-3.)  Pursuant to 18 U.S.C. § 3006A, a district court may appoint

8 counsel in the "interests of justice" in a case brought under 28 U.S.C. § 2255.  18

9 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  "In

10 deciding whether to appoint counsel in a habeas proceeding, the district court must

11 evaluate the likelihood of success on the merits as well as the ability of the petitioner to

12 articulate his claims *pro se* in light of the complexity of the legal issues

13 involved."  *Weygandt*, 718 F.2d at 954 (italics in original).  Having reviewed the record

14 in this case and being mindful of the standard set forth in *Weygandt*, the court concludes

15 that appointment of counsel is not warranted in this matter.  Specifically, the court notes

16 that Mr. Murillo alleges that he needs appointed counsel to "prepare and submit a

17 memorandum of law to the [c]ourt" in support of his § 2255 petition (*see* MTA at 2).  As

18 discussed above, however, Mr. Murillo is not entitled to file such a memorandum.

19 Further, the court has reviewed Mr. Murillo's filings to date and concludes that he is

20 capable of articulating his claims *pro se* in this matter.  Accordingly, his motion to

21 appoint counsel is DENIED.

22 //

1 | For the reasons set forth above, Mr. Murillo's motion for extension of time (Dkt.
2 | # 6) and motion to appoint counsel (Dkt. # 9) are DENIED.
3 | Dated this 8th day of May, 2020.

*[signature]*

JAMES L. ROBART
United States District Judge