1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
                                    AT SEATTLE

9

10      PETER SANTOS MURILLO,                       CASE NO. C20-0484JLR

11                          Petitioner,             ORDER GRANTING MOTION
                                                    TO AMEND PETITION
               v.
12

13      UNITED STATES OF AMERICA,

14                          Respondent.

15          Before the court is petitioner Peter Santos Murillo's motion to amend his 28

16   U.S.C. § 2255 petition.  (*See* Mot. (Dkt. # 19).)  Respondent United States of America

17   ("the Government") opposes the motion to amend.  (*See* Resp. (Dkt. # 23).)  The court

18   has considered the motion, the relevant portions of the record, and the applicable law.

19   Being fully advised, the court GRANTS Mr. Murillo's motion to amend his § 2255

20   petition.

21          On March 27, 2020, pursuant to 28 U.S.C. § 2255, Mr. Murillo filed a petition for

22   habeas corpus or motion to vacate, set aside, or correct his sentence.  (*See* Pet. (Dkt.

ORDER - 1

1    # 1)); *see also United States v. Murillo*, No. CR16-0113JLR (W.D. Wash.).  The

2    Government filed its answer to Mr. Murillo's petition on May 27, 2020 (*see* Ans. (Dkt.

3    # 13)), and the court noted the Government's answer for consideration on June 19, 2020

4    (*see* Dkt. # 14).  On June 12, 2020, Murillo moved for an extension of time to file his

5    response to the Government's answer.  (*See* Mot. for Extension (Dkt. # 18).)  On June 30,

6    2020, the court granted Mr. Murillo's motion for an extension, and set an August 3, 2020,

7    due date for Mr. Murillo's response to the Government's answer and an August 7, 2020,

8    deadline for the Government's reply.  (*See* 6/30/20 Order (Dkt. # 20).)  While Mr.

9    Murillo's motion for an extension was pending, Mr. Murillo separately filed the current

10   motion to amend his § 2255 petition.[1]  (*See* Mot. at 1.)  Mr. Murillo also filed a

11   "memorandum of law" in support of his amended § 2255 petition.  (*See* Mem. (Dkt.

12   # 21).)

13       Federal Rule of Civil Procedure 15 "applies to habeas petitions with the same

14   force that it applies to garden-variety civil cases."  *James v. Pliler*, 269 F.3d 1124, 1126

15   (9th Cir. 2001) (citations and internal quotations omitted).  Rule 15(a)(2) provides that

16   "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ.

17   P. 15(a)(2).  "[T]his policy is to be applied with extreme liberality."  *Owens v. Kaiser*

18

---

19   [1] The Government makes repeated reference to the fact that Mr. Murillo's motion for an
     extension of time asked the court for leave to amend the petition in the event that the court
     denied his request for an extension to file his response. (*See* Resp. at 2 (citing Mot. for
20   Extension at 2-3); Gov't Mot. for Extension (Dkt. # 22) at 1-2 (same).)  But the current motion to
     amend—which was filed separately from Mr. Murillo's motion for an extension of time—makes
     no reference to Mr. Murillo's motion for an extension of time. (*See generally* Mot.).  The court
21   fails to see how Mr. Murillo's one-sentence request for alternative relief on a motion that the
     court has already ruled on has any relevance to Mr. Murillo's current motion to amend his
22   petition.

ORDER - 2

1    *Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of*

2    *Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)); *see also DCD Programs,*

3    *Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

4          Pursuant to this liberal standard, the court concludes that leave to amend is

5    warranted here.  The Government concedes that the claims in Mr. Murillo's amended

6    petition are "likely timely" (*see* Resp. at 3-5) and instead argues that Mr. Murillo's

7    motion should be denied because his amended claims and allegations are "meritless,"

8    "immaterial", or unnecessary because they merely raise "revised arguments/statements

9    [Mr. Murillo] could include in his [response] to the [G]overnment's answer" (*see id.* at 3-

10   8).  Although "[f]utility of amendment can, by itself, justify the denial of a motion for

11   leave to amend," *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th

12   Cir. 2001) (citations omitted); an amendment is futile on the merits where "no set of facts

13   can be proved under the amendment to the pleadings that would constitute a valid and

14   sufficient claim or defense," *see Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1393 (9th

15   Cir. 1997) (citations omitted).  The Government makes no attempt to apply that standard

16   to Mr. Murillo's proposed amended petition.  (*See generally* Resp.)  Instead, the

17   Government offers arguments against Mr. Murillo's amended petition that are best

18   reserved for the court's consideration of the merits of this matter.  (*See id.* at 5-8.)  Thus,

19   in accordance with "the underlying purpose of Rule 15(a) of the Federal Rules of Civil

20   Procedure, which was to facilitate decisions on merits," the court concludes that Mr.

21   Murillo is entitled to leave to amend his petition to include all of the claims and facts that

22   //

1    Mr. Murillo believes are relevant so that the court can give his petition full consideration

2    on the merits.[2]  *See James*, 269 F.3d at 1126.

3         For the reasons set forth above, the court GRANTS Mr. Murillo's motion to

4    amend (Dkt. # 19).  The court DIRECTS the Clerk to file Mr. Murillo's proposed

5    amended petition—which is attached as Attachment A to Mr. Murillo's motion to amend

6    (*see* Mot. at 2-89)—on the docket.  The amended petition shall be considered the

7    operative 28 U.S.C. § 2255 petition for purposes of this case.  The court further ORDERS

8    the Government to file its answer to Mr. Murillo's amended petition by no later than

9    August 5, 2020, and to note the answer for consideration on August 21, 2020.  If the

10   Government files an answer, Mr. Murillo may file a response by no later than August 17,

11   2020, and the Government may file a reply by August 21, 2020.  Both parties have now

12   had significant time to develop and respond to the arguments and issues presented in this

13   //

14   //

15   //

16   //

17   //

18

19   ---

     [2] The court also rejects the Government's argument that the court should ignore Mr.
     Murillo's memorandum of law.  (*See* Resp. at 8 (citing Mem.).)  Although the court previously
     denied Mr. Murillo's request for an extension of time to supplement his petition with a
20   memorandum of law on the grounds that "[t]he rules governing Section 2255 proceedings do not
     include a procedure through which Mr. Murillo may supplement his habeas motion with a
21   'memorandum of law'" (*see* 5/8/20 Order (Dkt. # 12) at 2), Mr. Murillo cured the infirmity in his
     prior request by filing his memorandum of law simultaneously with his amended petition (*see*
22   Mot. at 1 (indicating that the motion to amend was sent to the court on June 15, 2020); Mem. at
     15 (indicating that Mr. Murillo's memorandum of law was sent to the court on June 15, 2020)).

ORDER - 4

1   case.  As such, the court cautions the parties that these deadlines are firm and the court is

2   unlikely to grant additional extensions.

3          Dated this 22nd day of July, 2020.

4

5   _____

6          JAMES L. ROBART
           United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 5