1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

PETER SANTOS MURILLO,

CASE NO. C20-0484JLR

11

Petitioner,

(CR16-0113JLR)

v.

12
13

UNITED STATES OF AMERICA,

ORDER DENYING PETITION
FOR HABEAS RELIEF AND
MISCELLANEOUS MOTIONS

Respondent.

14

15

## I.   INTRODUCTION

16

Before the court are three motions filed by *pro se* Petitioner Peter Santos Murillo:

17

(1) a 28 U.S.C. § 2255 petition for habeas corpus or motion to vacate, set aside, or correct

18

Mr. Murillo's sentence (*see* Am. Pet. (Dkt. # 26)); (2) a motion to strike a response brief

19

filed by Respondent United States of America ("the Government") (Mot. to Strike (Dkt.

20

# 28)); and (3) a motion for a stay of this case (*see* Mot. for Stay (Dkt. # 36)[1]).  The

21

22

[1] Mr. Murillo filed a document titled a "Request for Judicial Notice Under Rule 201 and
Declaration in Support of Petitioner's Amended Section 2255 Motion."  (*See* (Mot. to Stay Reply

1   Government filed a response to Mr. Murillo's § 2255 petition (Gov't Resp. (Dkt. # 29)),

2   Mr. Murillo filed a reply (Pet'r Reply (Dkt. # 32)), and the Government filed a surreply

3   (Gov't Surreply (Dkt. # 35)).  The Government opposes Mr. Murillo's motion for a stay

4   (Mot. for Stay Resp. (Dkt. # 37)), but did not file a response to the motion to strike (*see*

5   *generally* Dkt.).  The court has considered the motions, all submissions filed in support of

6   and in opposition to the motions, the relevant portions of the record, and the applicable

7   law.  Being fully advised, the court DENIES each of Mr. Murillo's motions.

8                    **II.    BACKGROUND**

9           On February 20, 2016, police officers in Auburn, Washington responded to a

10   traffic accident in which Mr. Murillo was the driver and lone occupant of one of the

11   vehicles involved.  (*See* Presentence Rpt. ("PSR") (CR16-0113JLR Dkt. # 112) ¶ 7.)  Mr.

12   Murillo provided officers with a false name and was then arrested for making a false

13   statement.  (PSR ¶ 7.)  City of Auburn police officer Jeffrey Nelson was dispatched to the

14   scene with a fingerprint scanner to help identify Mr. Murillo.  (*See* 9/28/16 Hr. Tr.

15   (CR16-0113JLR Dkt. # 107) at 11-12, 75.)  Prior to joining law enforcement, Officer

16   Nelson served twelve years in the United States Army as a weapons instructor for U.S.,

17   allied, and foreign forces.  (*Id.* at 9.)  His duties in that role included training soldiers on

18   the functionality and recognition of weapons.  (*Id.*)  Officer Nelson used the scanner to

19   check Mr. Murillo's fingerprints and confirm his identity.  (*Id.* at 18.)  The check also

20

21   _____

22   (Dkt. # 38).)  Because Mr. Murillo had already filed his reply to his § 2255 petition by the time
     he filed this additional brief, the court construes this filing as Mr. Murillo's reply in support of
     his motion to stay.

1   showed an outstanding U.S. Marshals felony warrant for probation violations for Mr.

2   Murillo.  (*Id.* at 18-19, 39-40.)

3        Officer Nelson testified at a suppression hearing that he approached the vehicle

4   Murillo had been driving to close the driver's side door and turn off the engine.  (*Id.* at

5   13-14).  When he did so, he saw a pistol grip, frame, and rear portion of a pistol he

6   recognized as a MAC-10 submachine gun sticking out from beneath a rubber floormat

7   under the driver's seat.  (*Id.* at 12-13).  Officer Nelson lifted the floormat to confirm what

8   he had seen was actually a firearm, then left the firearm where he found it and informed

9   the lead officer, who immediately sealed the vehicle and had it impounded so that it could

10  be searched.  (*Id.* at 13-14, 29-31.)

11       The subsequent search uncovered, among other things, an additional firearm, false

12  identification documents, and dealer-quantity amounts of heroin and methamphetamine.

13  (PSR ¶ 11.)  Mr. Murillo moved to suppress that evidence, claiming the initial search in

14  which Officer Nelson saw the firearm was unlawful.  (Mot. to Suppress (CR16-0113JLR

15  Dkt. # 27.)  The court denied Mr. Murillo's motion.  (*See* 9/28/16 Min. Entry

16  (CR16-0113JLR Dkt. # 54).)

17       At trial, a jury convicted Mr. Murillo of one count of Possession of

18  Methamphetamine with Intent to Distribute under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A);

19  one count of Possession of Heroin with Intent to Distribute under 21 U.S.C. §§ 841(a)(1)

20  and (b)(1)(C); and one count of Possession of a Firearm in Furtherance of Drug

21  Trafficking under 18 U.S.C. § 924(c)(1)(A).  (Jury Verdict (CR16-0113JLR Dkt. # 88).)

22  After the jury returned its verdict, Mr. Murillo proceeded to a bifurcated stipulated-facts

1   bench trial in which he was convicted of one count of being a Felon in Possession of a

2   Firearm under 18 U.S.C. § 922(g)(1).  (*See* 10/18/16 Min. Entry (CR16-0113JLR Dkt.

3   # 86); *see also* Gov't Resp., Ex. 2 (stipulated facts).)  Because this was Mr. Murillo's

4   second conviction for possession of a firearm in furtherance of drug trafficking, a twenty-

5   five-year mandatory-minimum sentence applied and had to be served consecutively to the

6   ten-year mandatory-minimum term that applied to his conviction under § 841(b)(1)(A).

7   (*See* PSR ¶ 81); 18 U.S.C. §§ 924(c)(1)(C)(i), (D)(ii).  In light of these applicable

8   mandatory minimums, the Court imposed a sentence of thirty-five years.  (*See* Judgment

9   (CR16-0113JLR Dkt. # 116).)

10      Murillo raised seven issues on direct appeal.  (*See* Am. 9th Cir. Op. (CR16-

11  0113JLR Dkt. # 129) at 2-7.)  The Ninth Circuit Court of Appeals rejected those

12  arguments and affirmed his convictions.  (*See id.*)  Murillo filed a petition for certiorari

13  with the Supreme Court, which was denied on March 25, 2019.  (*See* Gov't Resp., Ex. 3.)

14      On March 19, 2020, Murillo mailed a motion pursuant to 28 U.S.C. § 2255 to the

15  court, in which he stated ten grounds for relief.  (*See* Pet. (Dkt. # 1).)  The motion was

16  filed on March 27, 2020.  (*Id.*)  On April 13, 2020, the court entered an order directing

17  the United States to file an answer to Murillo's habeas motion.  (4/13/20 Order (Dkt.

18  # 7).)  On May 27, 2020, the government filed its initial response to Mr. Murillo's

19  petition.  (*See* 1st Gov't Resp. (Dkt. # 13).)  On July 22, 2020, the court granted Mr.

20  Murillo's motion to amend his initial motion, directed the Clerk to file Mr. Murillo's

21  proposed amended § 2255 motion, and ordered the government to file an answer to the

22  //

1    amended motion.  (*See* 7/22/20 Order (Dkt. # 25) at 4-5.)  The amended motion states

2    eleven grounds for relief:

3         **Ground One:**  Constitutional violations based on the Government's failure
          to disclose impeachment information about Officer Nelson.  (*See* Am. Pet. at
4         5-6.)

5         **Ground Two:**   Request for a new trial based on the newly discovered
          impeachment evidence described in Ground One to the extent it post-dates
6         Mr. Murillo's trial.  (*See id.* at 15.)

7         **Ground Three:**   Ineffective assistance of counsel at trial for failing to
          discover the evidence described in Ground One.  (*See id.* at 17.)
8
          **Ground Four:**   Ineffective assistance of counsel for failing to hire a gun
9         expert who could have testified at the suppression hearing about whether an
          expert could have reasonably determined that the exposed item in Mr.
10        Murillo's vehicle was actually a firearm.  (*See id.* at 18.)

11        **Ground Five:**   Due Process violation based on ineffective assistance of
          counsel for failing to investigate Mr. Murillo's competency and request a
12        competency hearing.  (*See id.* at 22-23.)

13        **Ground Six:**   Ineffective assistance of counsel for failing to subpoena
          Angelica Briggs to testify to the possibility that she might have placed
14        firearms belonging to her dead brother in the vehicle Mr. Murillo was
          driving.  (*See id.* at 24.)
15
          **Ground Seven:**  Ineffective assistance of counsel for failing to request a jury
16        trial on Count One despite knowing of biased comments the court made
          during a different proceeding.  (*See id.* at 25-26.)
17
          **Ground Eight:**   Ineffective assistance of counsel during 2005 criminal
18        proceedings brought against Mr. Murillo, which resulted in a plea agreement
          and convictions that served as predicates in this case.[2]  (*See* Pet'r Reply at
19        4.)

20    ───────────────────────
            [2] Mr. Murillo's amended petition appears to describe Ground Eight as a claim for
21    ineffective assistance of counsel for failing to object to the court's reliance on Mr. Murillo's
      2005 convictions to enhance his sentence given that the 2005 convictions were obtained based on
22    ineffective assistance of counsel.  (*See* Am. Pet. at 27.)  Mr. Murillo clarified on reply, however,
      that he "is challenging his 2005 convictions that served as predicates in this case as those

**Ground Nine:**  Ineffective assistance of counsel for failing to communicate with Mr. Murillo's immigration attorney regarding the immigration consequences of going to trial versus pleading guilty.  (*See* Am. Pet. at 28.)

**Ground Ten:**  Ineffective assistance of counsel for failing to object to an overly broad jury instruction defining the elements of 18 U.S.C. § 924(c).  (*See* Am. Pet. at 29.)

**Ground Eleven:**  Due Process violation on grounds the Government failed to prove Mr. Murillo knew his status as a person barred from possessing a firearm.  (*See id.* at 30.)

## III.   ANALYSIS

The court begins by briefly addressing Mr. Murillo's motion to strike and motion to stay before turning to the merits of the 11 grounds for relief stated in Mr. Murillo's § 2255 petition.

**A.   Motion to Strike**

The court DENIES as moot Mr. Murillo's motion to strike.  (*See* Mot. to Strike.) Mr. Murillo moves to strike as untimely the Government's response to Mr. Murillo's motion to amend his § 2255 petition.  (*See id.* at 1-3.)  Before Mr. Murillo filed his motion to strike, the court granted the Government's motion for an extension of time to file its response to Mr. Murillo's motion to amend.  (*See* Order on Mot. for Extension (Dkt. # 24).)  Additionally, the court ultimately rejected the arguments raised in the Government's allegedly untimely opposition and granted Mr. Murillo's underlying

*//*

---

predicates were obtained in violation of [Mr. Murillo's] right to counsel."  (Pl. Reply at 4.) Thus, the court construes Ground Eight as a challenge to Mr. Murillo's 2005 convictions.

1    motion to amend.  (*See* 7/22/20 Order at 4-5.)  Thus, Mr. Murillo's motion to strike the

2    Government's opposition is moot.

3    **B.    Motion to Stay**

4           Mr. Murillo argues that the court should stay its consideration of his § 2255

5    petition pending the completion of state court murder charges filed against Officer

6    Nelson.  (*See id.* at 1-2.)  Mr. Murillo's § 2255 petition offers three arguments related to

7    Officer Nelson:  (1) the Government erred by failing to disclose Officer Nelson's

8    impeachment evidence (Ground One) (*see* Am. Pet. at 5-6); (2) that Mr. Murillo's

9    counsel provided ineffective assistance by failing to discover that impeachment evidence

10   before trial (Ground Three) (*see id.* at 17); and (3) that a new trial is warranted due to acts

11   of misconduct committed by Officer Nelson that post-date Mr. Murillo's trial (Ground

12   Two) (*see id.* at 15).

13          The murder charges against Officer Nelson have no impact on Mr. Murillo's

14   arguments on Ground One and Ground Three.  The charges against Officer Nelson arise

15   out of a 2019 officer-involved shooting.  (*See* Gov't Resp. to Mot. to Stay at 1.)  Mr.

16   Murillo's trial occurred in October 2016.  (*See, e.g.*, 10/19/16 Min. Entry.)  Neither the

17   Government nor Mr. Murillo's defense counsel could have erred by failing to disclose or

18   discover information that did not yet exist.

19          As to Ground Two—Mr. Murillo's request for a new trial based on newly

20   discovered impeachment evidence about Officer Nelson—the court concludes that a stay

21   is unlikely to yield additional relevant evidence.  The court is now apprised of the

22   allegations against Officer Nelson and will consider what impact, if any, those allegations

1  have on Mr. Murillo's claims.[3]  (*See* Mot. to Stay; Gov't Resp. to Mot. to Stay.)  As such,

2  a stay is unnecessary, as the court can resolve the merits of that claim based on the

3  information currently available about Officer Nelson.  Thus, the court DENIES Mr.

4  Murillo's motion for a stay.[4]

5  **C.      Section 2255 Petition**

6          1.      <u>Timeliness</u>

7                  a.      *Grounds One Through Ten*

8          The court rejects the Government's argument that Grounds One through Ten are

9  barred because Mr. Murillo did not timely mail his § 2255 petition.  Pursuant to

10 § 2255(f), a petition for habeas relief must be brought within one year of the date on

11 which the judgment of conviction became final.  28 U.S.C. § 2255(f)(1).  Because Mr.

12 Murillo filed a petition for *certiorari* that was ultimately denied (*see* Gov't Resp., Ex. 3),

13 Mr. Murillo's judgment of conviction became final on the date his petition for *certiorari*

14

15          [3] As discussed in more detail, below, the court concludes that evidence regarding Officer
   Nelson's post-trial conduct—including evidence related to the 2019 shooting—does not merit
16 granting Mr. Murillo's request for a new trial.  *See infra* § III.C.3.c.  Thus, even if Officer
   Nelson is ultimately convicted of the charges filed against him, that would not impact the court's
17 analysis of Mr. Murillo's § 2255 petition.

18          [4] The court also rejects the request for judicial notice included in Mr. Murillo's reply
   brief.  (*See* Mot. for Stay Reply at 1-3.)  Mr. Murillo's request for judicial notice is misplaced
19 and unnecessary.  Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact
   that is not subject to reasonable dispute because it . . . can be accurately and readily determined
20 from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  The
   specific allegations against Officer Nelson that Mr. Murillo asks the court to judicially notice are
21 the subject of contested criminal litigation and, as such, are not appropriate for judicial notice.
   However, because Mr. Murillo submitted these materials in support of his motion to stay and
22 provided a declaration that properly attests to the authenticity of the evidence at issue, the court
   may consider that evidence without taking judicial notice.  *See* Local Rules W.D. Wash. LCR
   7(b)(3) (noting that a movant may submit supporting materials with a reply brief).

was denied, which was March 25, 2019.  *See Gonzalez v. Thaler*, 565 U.S. 134, 149

(2012).  Accordingly, Mr. Murillo was required to file his § 2255 petition by March 25,

2020.

Mr. Murillo's initial § 2255 petition was not filed on the court's docket until

March 27, 2020.  (*See* Pet. at 1.)  However, the Rules Governing Section 2255

Proceedings for the United States District Courts state that "[a] paper filed by an inmate

confined in an institution is timely if deposited in the institution's internal mailing system

on or before the last day for filing."  *See* Rule 3(d) of the Rules Governing Section 2255

Proceedings for the United States District Courts (the "Section 2255 Rules").)  Although

Rule 3(d) states that an inmate may establish timely filing by filing a declaration or

notarized statement that sets forth the date of deposit and states that first-class postage

has been prepaid, the Ninth Circuit has clarified that courts may also consider other

"probative evidence" in order to confirm that a petition was timely mailed.  *United States

v. Winkles*, 795 F.3d 1134, 1146 (9th Cir. 2015) ("[A]t a minimum, an inmate must file a

sworn declaration or notarized statement as set forth in the rule to meet the initial burden

of proving timely filing unless more probative evidence, such as the prison mail log, is

available.").

Here, Mr. Murillo signed a sworn declaration that complies with 28 U.S.C. § 1746

indicating that his § 2255 petition was "placed in the prison mailing system on

3-19-2020."  (Pet. at 22.)  However, Mr. Murillo's initial declaration does not indicate

that first class postage was prepaid (*see id.*), and the Ninth Circuit has held that Section

2255 Rule 3(d)'s requirement that a declaration include a statement that first class

1    postage was prepaid is mandatory, *see Winkles*, 795 F.3d at 1146-47.  Mr. Murillo

2    corrected any deficiency in his declaration by submitting a revised declaration in support

3    of his reply in response to the Government's argument that clearly indicates that first

4    class postage was prepaid.  (*See* Murillo Decl. (Dkt. # 34) ¶ 3.)  Thus, Mr. Murillo

5    complied with Section 2255 Rule 3(d) and has established that his mailing was timely.[5]

6                   b.      *Ground Eleven*

7           The court agrees with the Government that Mr. Murillo did not clearly articulate

8    whether Ground Eleven is based on the Government's alleged failure to prove Mr.

9    Murillo knew he was a felon or the Government's alleged failure to prove that Mr.

10   Murillo knew that, as a felon, he was prohibited from possessing a firearm.  (*See* Gov't

11   Resp. at 5-6.)  The distinction matters for purposes of the Government's timeliness

12   arguments.  The Government concedes that Ground Eleven is timely if Mr. Murillo

13   alleges that the Government failed to prove that Mr. Murillo knew he was a felon, as

14   required by *Rehaif v. United States*, --- U.S. ---, 139 S. Ct. 2191 (2019).  (*See* Gov't Resp.

15   at 5-6.)  Section 2255(f)(3) provides that the one-year limitation period for § 2255

16   motions runs from "the date on which the right asserted was initially recognized by the

17   Supreme Court, if that right has been newly recognized by the Supreme Court and made

18   _____

19           [5] Indeed, the court notes that it finds the Government's timeliness argument to be
     disingenuous.  As the Government concedes, the petition is date-stamped as being received by
20   the mailroom at Mr. Murillo's correctional facility on March 23, 2020 (*see* Pet. at 24; Gov't
     Resp. at 5), which is all that is required by Rule 3(d), *see* Section 2255 Rule 3(d).  The envelope
     that Mr. Murillo's petition was sent in also clearly indicates that Mr. Murillo adequately paid
21   postage.  (*See* Pet. at 23.)  In fact, the petition was sent via certified mail, which can be easily
     tracked via a quick internet search.  Thus, even if Mr. Murillo had not submitted a revised
     declaration, the court would conclude that there is sufficient "probative evidence" showing that
22   Mr. Murillo's petition was timely filed.  *See Winkles*, 795 F.3d at 1146-47

retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The

Government acknowledges that *Rehaif* articulated a new right requiring the Government

to prove the defendant "knew he belonged to the relevant category of persons barred from

possessing a firearm" in order to obtain a conviction under 18 U.S.C. § 922(g). *See* 139

S. Ct. at 2200; (*see also* Gov't Resp. at 5-6). The Government also concedes that this

ruling applies retroactively and that Mr. Murillo filed his petition within one year of the

*Rehaif* decision.[6] (*See* Gov't Resp. at 6.) Thus, to the extent that Mr. Murillo raises a

*Rehaif* claim in Ground Eleven, that claim is timely.

If, however, Mr. Murillo argues that the Government failed to prove Mr. Murillo

knew he was prohibited from possessing a firearm, that claim is untimely. The deadlines

in § 2255 cases are claim specific. *See Mardesich v. Cate*, 668 F.3d 1164, 1170-71 (9th

Cir. 2012) (addressing timeliness issue in context of 28 U.S.C. § 2244(d), which is

similar to 28 U.S.C. § 2255(f)). Mr. Murillo added Ground Eleven to his amended

petition, which was first filed with the court on June 22, 2020 as part of Mr. Murillo's

motion to amend. (*Compare* Am. Pet. at 30 *with* Pet.; *see also* Mot. to Amend (Dkt.

# 19), Ex. A.) Ground Eleven does not relate back to any of the grounds that were timely

---

[6] The court notes that neither the Ninth Circuit nor the Supreme Court has determined whether *Rehaif* applies retroactively to cases on collateral review—especially where, as here, the § 2255 petition at issue is an initial petition for collateral review governed by 28 U.S.C. § 2255(f)'s one-year statute of limitations. Regardless, because the Government concedes that Mr. Murillo's *Rehaif* claim is timely, the court considers this argument waived and need not address whether *Rehaif* applies retroactively. *See United States v. Hill*, 915 F.3d 669, 673 n.1 (9th Cir. 2019) ("Because the government does not distinctly argue that [the petitioner's] claim is untimely under the one-year statute of limitations in 28 U.S.C. § 2255(f), it has waived this argument and we do not address it."); *see also Pough v. United States*, 442 F.3d 959, 965 (6th Cir. 2006) ("[T]he one-year statute of limitations for filing motions under § 2255 is not jurisdictional.").

filed, and is not based on a newly recognized rule if Mr. Murillo is not making a *Rehaif* claim and instead argues that the Government failed to prove Mr. Murillo knew he was prohibited from possessing a firearm. Thus, the court agrees with the Government that Mr. Murillo's argument is untimely if so construed.

In recognition of the court's obligation to liberally construe *pro se* filings, the court concludes that Mr. Murillo intends to raise a *Rehaif* claim. Although Mr. Murillo argues on reply that the Government failed to prove that "he knew he unlawfully was in possession of a firearm" and does not specifically argue that the Government failed to prove Mr. Murillo knew he was a felon, Mr. Murillo also cites *Rehaif* and refers to his claims as *Rehaif* claims. (*See* Pet'r Reply at 4-5.) Thus, the court construes Ground Eleven as a *Rehaif* claim that the Government explicitly concedes is timely.

2.    Procedural Default

"The general rule in federal habeas cases is that a defendant who fails to raise a claim on direct appeal is barred from raising the claim on collateral review." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350-51 (2006). If a "defendant fails to raise an issue before the trial court, or presents the claim and then abandons it, and fails to include it on direct appeal" the issue is procedurally defaulted and may not be raised in a 28 U.S.C. § 2255 motion "except under unusual circumstances." *Thorson v. United States*, No. C18-136RSM, 2019 WL 3767132, *6 (W.D. Wash. Aug. 9, 2019) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). A defendant can overcome procedural default and have the court consider the merits of his 28 U.S.C. § 2255 claim in two ways: (1) by demonstrating both sufficient cause for the default and actual prejudice resulting from it;

1    or (2) by demonstrating that he is actually innocent of the offense.  *Bousley*, 523 U.S. at

2    622; *see also United States v. Frady*, 456 U.S. 152, 167 (1982).

3           The Government argues that Ground Eleven—Mr. Murillo's *Rehaif* claim—is

4    procedurally defaulted and not properly before the court.[7]  (*See* Gov't Resp. at 8-9.)  Mr.

5    Murillo did not argue on his direct appeal that his conviction under § 922(g) violated his

6    Due Process rights because the Government failed to prove that he knew that he was a

7    felon.  (*See* Am. Pet. at 2-3.)  Thus, that claim is procedurally defaulted, meaning Mr.

8    Murillo must establish either cause and actual prejudice or actual innocence in order to

9    bring the claim on collateral review.  *Bousley*, 523 U.S. at 622.

10          Mr. Murillo has not overcome his procedural default by demonstrating cause and

11   prejudice.  A defendant can demonstrate cause sufficient to excuse a default if he can

12   show that an "objective factor external to the defense impeded counsel's efforts" to raise

13   an issue.  *Cook v. Schriro*, 538 F.3d 1000, 1027 (9th Cir. 2008) (quoting *Murray v.*

14   *Carrier*, 477 U.S. 478, 488 (1986)).  Such an objective factor may be a "factual or legal

15   basis for a claim [that] was not reasonably available to counsel."  *Murray*, 477 U.S. at

16   488.

17          Mr. Murillo makes no serious effort to establish "cause" for failing to raise the

18   *Rehaif* issue at trial or on direct appeal.  (*See generally* Am. Pet. at 22; Pet'r Reply at 4-

19   5.)  The only argument he offers regarding cause is presented in his reply brief, in which

20   he argues that the "cause" for failing to raise a *Rehaif* claim is that his counsel provided

21

22          [7] The Government concedes that procedural default does not impact Mr. Murillo's other
      grounds for relief.  (*See* Gov't Resp. at 7-8.)

1   ineffective assistance.  (*See* Pet'r Reply at 4-5.)  Ineffective assistance of counsel claims

2   may be brought on collateral review even where they are not raised on direct appeal.  *See*

3   *Massaro v. United States*, 538 U.S. 500, 504 (2003).  However, Mr. Murillo did not

4   allege an ineffective assistance of counsel claim in Ground Eleven; he raised a Due

5   Process claim based on the Government's alleged failure to prove that Mr. Murillo knew

6   that he was a felon.  (*See* Am. Pet. at 30).  The Section 2255 Rules prohibit Mr. Murillo

7   from raising new grounds for relief in his reply brief.  *See* Section 2255 Rule 2(b) (stating

8   that the § 2255 petition must "specify all the grounds for relief available to the moving

9   party"); *see also United States v. Puerta*, 982 F.2d 1297, 1300 n.1 (9th Cir. 1992) ("New

10  arguments may not be introduced in a reply brief.").  If Mr. Murillo had intended to argue

11  that his counsel was ineffective for failing to advance a *Rehaif* argument at trial or on

12  appeal, then he should have presented such a claim in his § 2255 petition.[8]  Because this

13  is Mr. Murillo's only argument in support of cause to excuse his procedural default, the

14  court concludes that his procedural default cannot be excused.[9]  *See Frady*, 456 U.S. at

15  168 (holding that a defendant must show both cause and actual prejudice).

16         Even if Mr. Murillo could show cause, his *Rehaif* claim would still be

17  procedurally defaulted for failure to establish prejudice.  Mr. Murillo stipulated to his

---

18

19         [8] Grounds Three through Ten explicitly present ineffective assistance of counsel claims,
    which shows that Mr. Murillo is well-aware of the availability of such claims for collateral
    review.

20

21         [9] Although Mr. Murillo did not argue that his failure to raise a *Rehaif* claim at trial or on
    appeal should be excused on futility grounds, the court notes that it has already rejected that
    argument in a similar case and would have done so here on the same grounds had Mr. Murillo

22  articulated that argument in his briefing.  *See Mujahidh v. United States*, No. C19-1852JLR,
    2020 WL 1330750, at *2-3 (W.D. Wash. Mar. 23, 2020).

status as a felon.  (*See* Gov't Resp., Ex. 2.)  His criminal history also includes prior

felony convictions for harassment, unlawful possession of a firearm in violation of state

law, possession of a firearm in furtherance of a drug trafficking crime, and possession of

a firearm by a prohibited person in violation of federal law.  (*See* PSR at 9-11).  Mr.

Murillo's federal convictions for possession of a firearm in furtherance of a drug

trafficking crime and possession of a firearm by a prohibited person resulted in

consecutive sentences of 60 months and 51 months, respectively.  The Ninth Circuit

holds that it is not "plain error" to fail to instruct a jury of the *Rehaif* rule that a defendant

must have knowledge of his prohibited status where the defendant has stipulated to his

status as a felon and has prior convictions for which he has been incarcerated for more

than a year because, under those circumstances, the defendant cannot show that the

alleged error affected his rights or impacted the fairness of the proceedings.  *See United*

*States v. Tuan Ngoc Luong*, 965 F.3d 973, 990 (9th Cir. 2020); *United States v. Johnson*,

963 F.3d 847, 854 (9th Cir. 2020).  The threshold that Mr. Murillo must establish to

overcome procedural default imposes a "significantly higher hurdle" than the plain error

standard applied in *Johnson* and *Tuan Ngoc Luong*.  *See Frady*, 456 U.S. at 166.  Thus,

the uncontroverted evidence showing that Mr. Murillo understood he was a felon

prohibits him from establishing that he was prejudiced by the failure to raise a *Rehaif*

argument at trial.

    Finally, although Mr. Murillo fails to argue that he is "actually innocent" of the

charge of prohibited person in possession of a firearm because he lacked knowledge that

he was a felon (*see* Am. Pet. at 30; Pet'r Reply at 4-5), the court would reject that

1  argument even if Mr. Murillo advanced it based on the evidence establishing that Mr.

2  Murillo was well-aware of his prior felony convictions and had been previously

3  convicted of the exact same crime.

4      In sum, because Mr. Murillo cannot show cause and prejudice, or actual

5  innocence, Ground Eleven is procedurally defaulted.  Accordingly, the court rejects that

6  ground for relief.

7          3.      Merits of the Grounds for Relief

8                  a.      Evidentiary Hearing

9      As a preliminary matter, the court determines that an evidentiary hearing on the

10  merits of this matter is unnecessary.  Under § 2255, the court must hold an evidentiary

11  hearing unless "the motion and the files and records of the case conclusively show that

12  the prisoner is entitled to no relief."  28 U.S.C. § 2255; *see Frazer v. United States*, 18

13  F.3d 778, 781 (9th Cir. 1994).  However, "[n]o hearing is required if the allegations,

14  viewed against the record, either fail to state a claim for relief or are so palpably

15  incredible or patently frivolous as to warrant summary dismissal."  *Shah v. United States*,

16  878 F.2d 1156, 1158 (9th Cir. 1989) (internal quotation marks omitted).  Here, the court

17  concludes that the detailed record in this matter—which Mr. Murillo has been given

18  ample time to amend and supplement—is a sufficient basis on which to decide Mr.

19  Murillo's claims and determine that he is entitled to no relief.  As such, the court

20  DENIES Mr. Murillo's request for an evidentiary hearing.

21  //

22  //

b.    *Ground One*

In Ground One, Mr. Murillo asserts violations of the Fourth, Fifth, and Sixth

Amendments to the U.S. Constitution based on the Government's failure to disclose

impeachment evidence for Officer Nelson.  (*See* Am. Pet. at 5.)  It is well-established that

the Due Process Clause requires prosecutors to produce "evidence favorable to an

accused upon request . . . where the evidence is material either to guilt or to punishment."

*See Brady v. Maryland*, 373 U.S. 83, 87 (1963).  "*Brady* evidence" can be favorable

"either because it is exculpatory or impeaching."  *Milke v. Ryan*, 711 F.3d 998, 1012 (9th

Cir. 2013).  However, "evidence is material only if there is a reasonable probability that,

had the evidence been disclosed to the defense, the result of the proceeding would have

been different."  *United States v. Bagley*, 473 U.S. 667, 682 (1985).

According to the evidence submitted by Mr. Murillo, Officer Nelson had a lengthy

history of disciplinary incidents at the time that he testified at Mr. Murillo's suppression

hearing.  (*See* Am. Pet. at 7-14.)  Although the court certainly does not condone Officer

Nelson's conduct, the court notes that Officer Nelson's disciplinary history pertains to

use of force complaints and other misconduct complaints that have no bearing on the

testimony that Officer Nelson presented at Mr. Murillo's suppression hearing or trial.

(*See id.*)  At the hearing, Officer Nelson testified that, after officers identified outstanding

felony warrants for Mr. Murillo, Officer Nelson approached the vehicle Murillo had been

driving to close the driver's side door and turn off the engine and, in the process, he

noticed a MAC-10 submachine gun sticking out from beneath a rubber floormat under

the driver's seat.  (*See* 9/28/16 Hr. Tr. at 12-13).  Officer Nelson lifted the floormat to

1  confirm what he had seen was actually a firearm, then left the firearm where he found it

2  and informed the lead officer, who immediately sealed the vehicle and had it impounded

3  so that it could be searched. (*See id.* at 13-14, 29-31.) Officer Nelson also offered

4  similar testimony at Mr. Murillo's trial. (*See* 10/13/16 Hr. Tr. (CR16-0113JLR Dkt.

5  # 104) at 15-27.)

6  Officer Nelson's history and alleged use of force violations have no bearing on the

7  credibility of his eyewitness testimony or his character for truthfulness or untruthfulness.

8  (*See* Am. Pet. at 7-14.) Even if the court had been presented with the full extent of

9  Officer Nelson's disciplinary history at the suppression hearing, the court would still

10  have found that Officer Nelson's testimony was credible and the plain view exception

11  justified the limited search of the vehicle Mr. Murillo was driving. (*See* 9/28/16 Hr. Tr.

12  at 116-119.) And if Mr. Murillo's counsel had attempted to impeach Officer Nelson with

13  his disciplinary history at trial or the suppression hearing, the court would have excluded

14  that evidence as improper character evidence under Federal Rule of Evidence 404 and an

15  improper impeachment under Rule 608. *See* Fed. R. Evid. 404(b)(1) ("Evidence of a

16  crime, wrong, or other act is not admissible to prove a person's character in order to show

17  that on a particular occasion the person acted in accordance with the character."); Fed. R.

18  Evid. 608(b). Thus, the court concludes that Officer Nelson's disciplinary history was

19  not "material" evidence that the Government was required to disclose under *Brady*

20  because there is no "reasonable probability that, had the evidence been disclosed to the

21  defense, the result of the proceeding would have been different." *United States v. Bagley*,

22  473 U.S. 667, 682 (1985).

1          *c.*     *Ground Two*

2         Ground Two alleges that a new trial is warranted based on Officer Nelson's

3  post-trial disciplinary record.  (*See* Am. Pet. at 15.)  The court agrees with the

4  Government that Ground Two should have been presented in a motion for a new trial

5  based on newly discovered evidence under Federal Rule of Criminal Procedure 33 and

6  not on collateral review of his conviction under 28 U.S.C. § 2255.  The remedies of Rule

7  33(b)(1) and 28 U.S.C. § 2255 are "separate and distinct means of attacking a judgment."

8  *United States v. Shaffer*, 789 F.2d 682 n.5 (9th Cir. 1986).  "A *bona fide* motion for a new

9  trial on the basis of newly discovered evidence falls outside § 2255[] because it does not

10 contend that the conviction or sentence violates the Constitution or any statute."  *United*

11 *States v. Evans*, 224 F.3d 670, 673-74 (7th Cir. 2000).  Thus, the court construes Ground

12 Two as a Rule 33 motion for a new trial.

13        "A defendant who seeks a new trial based on new or newly discovered evidence

14 must show that (1) the evidence is newly discovered; (2) the failure to discover the

15 evidence is not attributable to a lack of diligence by the defendant; (3) the evidence is

16 material to the issues at trial; (4) the evidence is neither cumulative nor impeaching; and

17 (5) the evidence indicates that a new trial would probably result in an acquittal."  *United*

18 *States v. Waggoner*, 339 F.3d 915, 919 (9th Cir. 2003) (citing *United States v. Jackson*,

19 209 F.3d 1103, 1106 (9th Cir. 2000)).  Mr. Murillo has not met that bar here for a number

20 of reasons.

21        First, Mr. Murillo's motion for a new trial fails to establish that the new evidence

22 is material to the issues at Mr. Murillo's trial.  The new impeachment evidence regarding

1    Officer Nelson's post-trial disciplinary record—including the recent murder charges

2    relating to an officer-involved shooting—contains a litany of alleged uses of force that

3    are similar to Officer Nelson's pre-trial disciplinary record.  (*See* Am. Pet. at 7-15.)   The

4    bar for materiality under Rule 33 is higher than the materiality bar imposed by *Brady*.

5    *See United States v. Miller*, 953 F.3d 1095, 1107 n.18 (9th Cir. 2020).  In light of the

6    court's conclusion that these disciplinary incidents were not material under *Brady*, it

7    follows that they also cannot meet the higher materiality bar imposed by Rule 33.  *See*

8    *Miller*, 953 F.3d at 1107 n.18 ("[S]ince we hold that the evidence is not material under

9    the *Brady* standard, *a fortiori* it is also not material under the Rule 33 standard.").

10          Second, even if Mr. Murillo could show that Officer Nelson's post-trial

11   disciplinary history bears on Officer Nelson's credibility and could have been introduced

12   during the suppression hearing or at trial to impeach Officer Nelson, the general rule is

13   that evidence that would merely impeach a witness is not sufficient to warrant a new trial.

14   *See United States v. Kulczyk*, 931 F.2d 542, 549 (9th Cir. 1991) ("[E]vidence that would

15   merely impeach a witness cannot support a motion for a new trial."); *United States v.*

16   *Alexander*, 695 F.2d 398, 402 (9th Cir. 1982) ("Evidence which is merely impeaching is

17   not sufficient to support a motion for new trial.").  Although there is a narrow exception

18   to this rule for circumstances in which the impeachment evidence would render a

19   witness's testimony "totally incredible" and that witness's testimony "provided the only

20   evidence of an essential element of the government's case," *see United States v. Davis*,

21   960 F.2d 820, 825 (9th Cir. 1992), the court concludes that Officer Nelson's disciplinary

22   history does not rise to that level.  *See, e.g.*, *United States v. Burleson*, No.

1  2:16-CR-46-GMN-PAL, 2017 WL 3174903, at *3 (D. Nev. July 26, 2017) (concluding

2  that evidence regarding arrest of testifying law enforcement officer did not warrant a new

3  trial because "it is apparent that even if relevant, this evidence would merely impeach

4  [the officer's] credibility rather than independently support some aspect of the defense").

5        Finally, the court cannot conclude that the evidence related to Officer Nelson's

6  post-trial disciplinary conduct is so severe that it "would probably result in an acquittal"

7  if Mr. Murillo was re-tried. *See Waggoner*, 339 F.3d at 919.  Even if the impeachment

8  evidence presently before the court was admissible at the suppression hearing, admission

9  of that evidence would not have resulted in the court ruling differently on Mr. Murillo's

10  motion to suppress the firearm and the fruits of the search that occurred after Officer

11  Nelson identified the firearm.  Moreover, at trial, Officer Nelson's testimony was just one

12  small piece of an overwhelming amount of evidence provided by the Government in

13  support of Mr. Murillo's convictions, which means that the addition of impeachment

14  evidence would not have resulted in acquittal. *See United States v. Kenny*, 645 F.2d

15  1323, 1344 (9th Cir. 1981) (affirming a district court's denial for a new trial because the

16  newly discovered evidence "lacked sufficient probative force to acquit"); *Burleson*, 2017

17  WL 3174903, at *3 ("Additionally, the Court agrees that even if 'grave doubt' were cast

18  upon [the testifying officer's credibility], the extensive evidence against [the defendant]

19  does not indicate that a new trial would probably result in an acquittal.").  Thus, the court

20  also rejects Ground Two.

21  //

22  //

1

            *d.*        *Ineffective Assistance of Counsel—Grounds Three Through Ten*

2

       Each of Mr. Murillo's remaining grounds for relief raise ineffective assistance of

3

counsel claims.  (*See* Am. Pet. at 17-29.)  Mr. Murillo's ineffective assistance of counsel

4

claims are controlled by *Strickland v. Washington*, 466 U.S. 668 (1984).  To show

5

ineffective assistance under *Strickland*, a defendant must prove that (1) "counsel's

6

representation fell below an objective standard of reasonableness," and (2) there "is a

7

reasonable probability that, but for counsel's unprofessional errors, the result of the

8

proceeding would have been different."  *Id.* at 688, 694.  With respect to the first prong,

9

the defendant must show that "in light of all the circumstances, the identified acts or

10

omissions were outside the wide range of professionally competent assistance."  *Id.* at

11

690.  At this step, judicial scrutiny is highly deferential:  there is a strong presumption

12

that counsel's performance fell within the wide range of reasonably effective assistance.

13

*Id.* at 689.  With respect to the second prong, "[a] reasonable probability is a probability

14

sufficient to undermine confidence in the outcome."  *Id.* at 694.  Where the challenge

15

concerns the sentencing phase—as Ground Eight does—the defendant must show

16

counsel's performance caused the court to make some sort of error at sentencing, and that

17

there is a reasonable probability that, but for this error, the court would have imposed a

18

lesser sentence.  *See Glover v. United States*, 531 U.S. 198, 203-04 (2001).

19

       The court has thoroughly reviewed each of Mr. Murillo's grounds for ineffective

20

assistance of counsel and concludes that each lacks merit.

21

*//*

22

*//*

1

### i.      Ground Three

2      The court's analysis above regarding the impeachment materials for Officer

3   Nelson disposes of Ground Three, which alleges that Mr. Murillo's counsel was

4   ineffective for failing to obtain those impeachment materials.  (*See* Am. Pet. at 17.)  Even

5   if the court assumed that Mr. Murillo's counsel acted ineffectively by not obtaining those

6   materials, the court has already concluded that they were not material to Mr. Murillo's

7   suppression hearing or sentencing.

8

### ii.      Ground Four

9      The court rejects Ground Four as overly speculative.  Mr. Murillo argues that it

10   was ineffective assistance for his counsel to decide not to hire a firearms expert to testify

11   at trial or the suppression hearing regarding whether Officer Nelson could have identified

12   the exposed item in Mr. Murillo's vehicle as a firearm.  (*See* Pet. at 18.)  Mr. Murillo fails

13   to identify any expert who could have offered such testimony and provides no evidence

14   that any such opinion would have qualified as expert testimony under Rule 702.  (*See id.*)

15   Thus, Mr. Murillo offers little more than speculation about the impact that testimony

16   from a hypothetical firearms expert may have had on his trial or suppression hearing, and

17   "[s]peculation about what an expert could have said is not enough to establish prejudice"

18   under *Strickland*.  *Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir. 1998).  Accordingly,

19   this claim fails.

20

### iii.      Ground Five

21      The court rejects Mr. Murillo's argument in Ground Five that his counsel was

22   ineffective for failing to request a competency hearing.  (*See* Am. Pet. at 22-23.)  To be

competent to stand trial, "a criminal defendant must have sufficient present ability to

consult with his or her lawyer with a reasonable degree of rational understanding and

have a rational as well as factual understanding of the proceedings." *Chavez v. United

States*, 656 F.2d 512, 518 (9th Cir. 1981). "Requiring that a criminal defendant be

competent has a modest aim: It seeks to ensure that he has the capacity to understand the

proceedings and assist counsel." *Godinez v. Moran*, 509 U.S. 389, 402 (1993). In a

§ 2255 proceeding, "the burden is upon the defendant to prove that he was not mentally

competent to stand trial." *McKinney v. United States*, 487 F.2d 948, 949 (9th Cir. 1973).

Here, the court's recollection of this case and of Mr. Murillo's testimony at his

suppression hearing, specifically (*see* 9/28/16 Hr. Tr. at 57-66), demonstrates that Mr.

Murillo was competent to stand trial. *See Gustave v. United States*, 627 F.2d 901, 903

(9th Cir. 1980) ("[A] judge's recollection of the events at issue may enable him

summarily to dismiss a § 2255 motion."). Thus, his trial counsel's failure to request an

evidentiary hearing was not ineffective assistance.

iv.     Ground Six

In Ground Six, Mr. Murillo faults his counsel for failing to call Angelica Briggs as

a witness at his trial. (*See* Am. Pet. at 24.) According to Mr. Murillo, Ms. Briggs was

willing to testify that the firearms in the vehicle Mr. Murillo was driving belonged to her

brother and that she had put the firearms in the vehicle. (*See id.*) However, the notes

from Ms. Briggs' interview with an investigator hired by Mr. Murillo's counsel

contradict this claim. (*See* Am. Pet. at 62-65.) According to the investigator's notes, Ms.

Briggs told investigators that she did not leave any guns in the vehicle and did not

1    remember any guns in the vehicle when Mr. Murillo left.  (*See id.*)  The notes also do not

2    clearly indicate whether Ms. Briggs was willing to testify on Mr. Murillo's behalf.  (*See

3    id.*)  In fact, if anything the notes show that Ms. Briggs was evasive and difficult to get

4    into contact with when the investigator attempted to reach her.  (*See id.*)  Regardless, to

5    convict Mr. Murillo under §§ 922(g)(1) and 924(c), the government needed to show he

6    possessed one of the firearms in the vehicle, not that he owned them.  For purposes of

7    those statutes, a person "possesses" a firearm if the person "knows of its presence and has

8    physical control of it, or knows of its presence and has the power and intention to control

9    it."  *United States v. Thongsy*, 577 F.3d 1036, 1041 (9th Cir. 2009); *see also* Ninth Circuit

10   Model Criminal Instruction 8.72.  Thus, given that Ms. Briggs' testimony would have

11   been irrelevant and unhelpful to Mr. Murillo, the court concludes that it was not

12   unreasonable for Mr. Murillo's counsel not to call Ms. Briggs at trial.

13                              v.    Ground Seven

14          Ground Seven alleges that Mr. Murillo's counsel erred by failing to ask the court

15   to recuse itself from this case and instead consenting to a bench trial on the 18 U.S.C.

16   § 922(g) count for prohibited person in possession of a firearm.  (*See* Am. Pet. at 25.)  As

17   the court concluded in a prior order, the court was not biased against Mr. Murillo and the

18   statements that Mr. Murillo takes issue with "had no impact on Mr. Murillo or the

19   fairness of his trial."  (*See* 4/21/20 Order (Dkt. # 9) at 3-5.)  Chief Judge Martinez

20   affirmed that decision.  (*See* 5/4/20 Order (Dkt. # 10) at 3.)  Thus, Mr. Murillo cannot

21   show that counsel's failure to seek recusal or the decision to consent to a bench trial

22   prejudiced him as required by the second *Strickland* prong.

vi.      Ground Eight

Ground Eight alleges that the Mr. Murillo's counsel erred at sentencing by failing to challenge Mr. Murillo's 2005 federal court convictions. (*See* Pet'r Reply at 4.)  A defendant may not challenge a predicate conviction in the habeas context based on allegations of ineffective assistance of counsel unless the defendant brings *Gideon*-based claims for deprivations of the right to counsel. *See Custis v. United States*, 511 U.S. 485, 496-97 (1994).  Because Mr. Murillo was represented by counsel in those proceedings (*see* PSR ¶ 41) and does not bring *Gideon* claims in this § 2255 petition, the court rejects his attempt to collaterally attack his predicate convictions.

vii.      Ground Nine

In Ground Nine, Mr. Murillo claims his attorneys were ineffective because they failed to tell him that he could apply for asylum after ten years if he pleaded guilty instead of proceeding to trial. (*See* Am. Pet. at 28.)  But any such advice from Mr. Murillo's counsel would have been inaccurate.  Non-citizens convicted of aggravated felonies, which include convictions for violations of 18 U.S.C. § 922(g)(1), are statutorily barred from applying for asylum.  In 2005, Mr. Murillo pleaded guilty to the crimes of Possession of a Firearm in Furtherance of a Drug Trafficking Crime under 18 U.S.C. § 924(c)(1)(A), and Possession of a Firearm by a Prohibited Person under 18 U.S.C. § 922(g)(1). (*See* PSR ¶ 41, Gov't Resp., Ex. 8.)   His prior § 922(g)(1) conviction rendered him ineligible for asylum under 8 U.S.C. §§ 1158(b)(2)(A)(ii), (B)(i) and 8 U.S.C. § 1101(a)(43)(E)(ii), and would be unaffected by any plea agreement he might have entered into in this case. *See United States v. Castillo-Rivera*, 244 F.3d 1020, 1023

1    (9th Cir. 2001); *Abrego-Hernandez v. Holder,* 357 Fed. App'x 848, 849 (9th Cir. 2009)

2    (unpublished).  Mr. Murillo's attorney could not have been deficient for failing to advise

3    him of a consequence that did not exist.

4                                    viii.    Ground Ten

5            In Ground Ten, Mr. Murillo argues that his counsel was ineffective for failing to

6    request a jury instruction that adequately articulated the elements of 18 U.S.C. § 924(c).

7    (*See* Am. Pet. at 29.)  Specifically, Mr. Murillo claims that the instruction failed to

8    require the jury to find not only that he possessed a firearm, but also that he used it "in

9    furtherance of" a drug-trafficking crime.  (*See* Dkt. 26 at 29.)   However, Jury Instruction

10   No. 16, which covered the count of possession of a firearm in furtherance of a drug

11   trafficking crime in violation of § 924(c), specifically instructed the jury that Mr. Murillo

12   must have used the firearm in furtherance of a drug trafficking crime and provided a

13   specific definition of "in furtherance of."  (*See* Jury Instructions (CR16-0113JLR Dkt.

14   # 84) at 17-18.)  Moreover, Mr. Murillo's counsel specifically requested that the court

15   include a definition of "in furtherance of" in the instruction.  (*See* Def. Prop. Jury

16   Instructions (CR 16-0113JLR Dkt. # 58) at 10.)  Thus, the instruction included the

17   language that Mr. Murillo claims his counsel should have asked for, and it was included

18   at Mr. Murillo's counsel's request.  As such, Mr. Murillo's counsel did not provide

19   ineffective assistance and the court rejects Ground Ten.

20   **D.    Certificate of Appealability**

21           The court also denies Mr. Murillo a certificate of appealability.  When a district

22   court enters a final order adverse to the applicant in a habeas proceeding, it must either

1  issue or deny a certificate of appealability, which is required to appeal a final order in a

2  habeas proceeding.  28 U.S.C. § 2253(c)(1)(A).  A certificate of appealability is

3  appropriate only where the petitioner makes "a substantial showing of the denial of a

4  constitutional right."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Under this

5  standard, the petitioner must demonstrate that reasonable jurists could debate whether the

6  petition should have been resolved in a different manner or that the issues presented were

7  adequate to deserve encouragement to proceed further.  28 U.S.C. § 2253; *Slack v.*

8  *McDaniel*, 529 U.S. 473, 474 (2000).  Here, the court finds that reasonable jurists could

9  not debate whether Mr. Murillo's motion should have been resolved differently and

10  therefore DENIES a certificate of appealability.

## IV.    CONCLUSION

12      For the reasons set forth above, the court DENIES as moot Mr. Murillo's motion

13  to strike (Dkt. # 28), DENIES Mr. Murillo's motion to stay (Dkt. # 36), and DENIES Mr.

14  Murillo's amended petition for relief under 28 U.S.C. § 2255 (Dkt. # 26).  The court also

15  DENIES a certificate of appealability.

16      Dated this 25th day of September, 2020.

JAMES L. ROBART
United States District Judge